SAM'L G. TOMLINSON v. HOPKINS COUNTY.

(Case No. 1313.)

1. EXPENSES OF LOCATING SCHOOL LANDS FOR COUNTIES.— The donations of lands to the several counties were coupled with the express provision that the counties should pay in money the expense of locating and surveying them; the fees for locating and surveying them were also limited in the grant.

2. SAME.— A county court had no power to give a part of the school lands to pay expenses of their location. A deed for such purpose was properly cancelled.

3. SAME — LOCATION FEES.— The law allowing at the rate of $100 per league for such services, the county seeking the cancellation of such deed is subject to the charge allowed by law with interest from date of the patents.

4. PRACTICE.— In such case a county can be called to answer without submitting the claim to the county court.

APPEAL from Hopkins. Tried below before the Hon. Green J. Clark.

In 1871 Hopkins county had two leagues and fourteen and $\frac{991525}{1000000}$ labors, of unlocated land certificates, being the unlocated balance of four leagues granted to said county by the state of Texas, for purposes of education, by virtue of an act approved January 26, 1839, and act of January 16, 1850.

On the 31st day of July, 1871, the county court of that county authorized its presiding justice, R. H. Beale, to contract with some suitable person, on such terms as he might deem best, for the location of those certificates.

On the 24th day of April, 1872, said R. H. Beale contracted with the appellant, S. G. Tomlinson, to locate the certificates and obtain patents thereon at his own expense, agreeing that for said services Hopkins county should convey to Tomlinson a good title to one undivided third interest in the lands so located and patented.

Appellant located the certificates, two leagues and thirteen and $\frac{9.9}{100}$ labors in Hardeman county, Texas, upon which he obtained patents May 28, 1875, and nine hundred and ninety-one thousand five hundred and twenty-five square varas in Hopkins county, on which he obtained patent August 22, 1879.

On the 9th day of October, 1876, the county commissioners' court made an order directing F. M. Rogers, county judge, to make a deed to appellant for one-third interest in the lands in Hardeman county, and on the 16th day of May, 1877, the county judge and four county commissioners executed to appellant a deed for thirty-six hundred and eighty-one acres of said land in Hardeman county. No deed was ever made for any portion of the land located in Hopkins county.

On the 4th day of February, 1882, appellee, who was plaintiff in the court below, brought suit in the district court of Hopkins county against appellant, to have the contract and deed declared void and cancelled, as a cloud upon the title of appellee to the lands.

Defendant answered by general and special demurrer, which were overruled; general denial and special plea.

Plaintiff, by supplemental petition, demurred generally and specially to the answer, which were overruled.

The cause was submitted to the court without a jury, and after hearing the evidence, the court rendered judgment for the plaintiff, cancelling the contract and deed complained of, for costs of suit, and for defendant against plaintiff for $1,733.25, being one-third of the value of the lands located, less $170 theretofore paid him.

The plaintiff made a motion for a new trial, which was overruled, whereupon plaintiff gave notice of appeal.

The defendant executed appeal bond, assigned errors and appealed. The plaintiff also assigned errors.

*Henderson & Stewart*, for appellant.

*Hunter, Putman & Crawford,* for appellee, on cross-appeal.—
No county can be sued unless the claim upon which the suit is
founded shall have first been presented to the county commission-
ers' court for allowance, and such court shall have neglected or re-
fused to allow the same or any part thereof. Hopkins county
brought this suit in its capacity of trustee of the public school fund.
Appellant's action, if he was entitled to any, could only be against
the county in its general capacity as a municipal corporation. Ap-
pellant's answer fails to allege that his account for his services had
ever been presented to the county commissioners' court. R. S., art.
677; Fannin Co. *v.* Riddle, 51 Tex., 367.

BONNER, ASSOCIATE JUSTICE.— The material questions raised by
the assignment and cross-assignment of errors are: *First.* Did the
court err in cancelling the deed from Hopkins county to appellant
Tomlinson? *Second.* If not, then what was the true measure of
compensation?

I. The court did not err in cancelling the deed.

The whole policy of the several acts, both of the republic and of
the state of Texas, in granting lands for the establishment of a gen-
eral system of education, was to make the land thus granted an
available net fund for this purpose; and it was not intended that
any part of it should be diverted to any other purpose, not even to
the expense of locating and surveying it. Pasch. Dig., arts. 3464–
3469; id., arts. 3473–3476, 3550.

The donations of lands to the several counties were coupled with
the express provision that the counties should pay in money this
expense of locating and surveying them, and so specific was this
legislation, that not only the surveyor's fees were fixed by statute,
but a limitation was placed upon the amount to be paid both for the
locating and surveying. This was doubtless done to prevent that
being made a means or inducement for private speculation which
was intended as a public benefit.

Accordingly it was provided, that, if the lands were surveyed
within the county for whose particular benefit they were intended,
the surveyor of the county or his deputy, as one of the duties of
the office, should locate and survey the same for such fees as were
allowed by the land law, to be paid out of the county treasury.
Pasch. Dig., art. 3464. It was further provided that if there was
not a sufficient quantity of good vacant land within the county,
then it was made the duty of the county court to have the survey
made upon other vacant lands, the expenses to be paid out of the

county treasury, with the express proviso, however, "that in no case the expenses of said surveying and locating shall be greater than at the rate of one hundred dollars per league." Pasch. Dig., arts. 3465, 3474-6.

These acts, so far as we are advised, at least in regard to the above provisions, have never been repealed.

These public legislative acts, and of which both the contracting parties are charged with notice, contained not only the express delegation of power conferred upon the county courts, but also the limitation upon this power. The contract for one-third of the land, as the price for locating the same, and the deed made in compliance therewith, were therefore without authority and null and void.

II. What was the measure of compensation to which appellant Tomlinson was entitled?

Being charged, alike with the county court, with a knowledge of the want of power to make such a contract, he cannot claim that any fraud or deception was practiced upon him, and hence this element cannot enter into the question. See elaborate note to the rule in Flureau v. Thornhill, 2 W. Bl., 1078, contained in 1 Sedgw. on Dam. (7th ed.), 406.

We are of opinion that his compensation cannot exceed that limited by the statute. And that he cannot, therefore, recover more than at the rate of $100 per league for the lands caused to be located and surveyed by him, and under the circumstances of this case, interest thereon at the rate of eight per centum per annum from the date the same were patented.

As the county in this case seeks affirmative relief — the cancellation of its own voluntary deed,— we do not think that the rule contended for by appellee applies, which requires certain claims against the county to be first allowed and approved before payment be made.

We are therefore of opinion that the judgment below should be reversed and here rendered in accordance with this opinion, and it is accordingly so ordered

REVERSED AND RENDERED.

[Opinion delivered November 14, 1882.]