### SAN AUGUSTINE COUNTY v. S. H. MADDEN.

Decided April 29, 1905.

**1.—County School Land—Conveyance—Consideration.**

A sale of the school lands of a county made upon a consideration in part other than money, such as services in locating the land, is invalid and ineffectual to pass the title.

**2.—Same—Deed by County—Seals.**

A deed of county school lands executed by the County Judge and three of the County Commissioners, pursuant to an order of the Commissioner's Court, and properly acknowledged by them, is not invalid because the signatures are not attested by a seal.

**3.—Same—Illegal Consideration—Notice.**

Where a county conveyed 2952 acres of its school lands to B., the deed being invalid because its consideration was B.'s services in locating its school lands, and thereafter the county conveyed the same land to R., a vendee of B., for a recited consideration of $500, which was in fact paid by R., such latter deed was invalid if R.'s equities, as vendee of B., entered into and constituted a part of the real consideration, and if R. knew the fact, or had knowledge of such facts as put her on inquiry, even though she practiced no fraud or deceit in obtaining the deed.

**4.—Same—Innocent Purchaser.**

Since there was nothing in such second deed to R., or in the order of the Commissioner's Court authorizing it, indicating that any consideration other than the $500 in money entered into the transaction, R. took the apparent title, and one purchasing from her in good faith for an adequate consideration and without notice was protected against the defect, resulting from the fact that an unlawful consideration (her equities) formed part of the consideration of the deed to her.

**5.—Same—Purchaser with Notice Protected.**

The grantee of R. being entitled to protection as an innocent purchaser, could convey to one who had notice, and the latter would be protected on his vendor's account.

Vol. XXXIX. Civil—17.

**6.—Same—Record Notice.**

The fact that the deed records showed the original deed from the county to B. as made upon an unlawful consideration (locative services) did not of itself charge R.'s grantee with notice that the later deed made by the county to R. and reciting only a money consideration was in fact made partly upon another consideration, viz., B.'s equitable claim for services in locating the land. Rev. Stats., art. 4652.

**7.—Same—Possession of Tenant as Notice—Attornment.**

At the time R. conveyed the land K. was in possession as ·her tenant under a five years' lease, but had also secured a lease from the county which included this land with its other school lands. This latter lease was not recorded until after R. had conveyed, and K. continued paying rent to R. Held, that K.'s possession did not charge R.'s grantee with notice of the lease by the county or its adverse claim.

**8.—Same—Limitation Against County.**

Under article 7, section 6, of the Constitution the defense of limitations is not available against a county in an action brought by it to recover county school lands illegally conveyed by its Commissioner's Court.

Appeal from the District Court of Lubbock. Tried below before Hon. J. M. Morgan.

*A. M. Carter* and *Theodore Mack,* for appellant.—1. The so-called deed of San Augustine County to Ella C. Rollins was improperly admitted in evidence over the objection of the defendant: (1) Because the same did not purport to be the deed of San Augustine County. (2) Because, if it is the deed of San Augustine County, a corporation, it was not signed by the presiding member of the county commissioners court or trustees of said county or sealed with the common seal of said county, and the deed of a corporation without the corporate seal is ineffectual. Secs. 1 and 3, art. XI, Const. (1876), art, 786 Rev. Stats; Sec. 6, art. 7, Const. (1876), art. 676 Rev. Stats.; Baker v. Panola County, 30 Texas, 89; Milam County v. Bateman, 54 Texas, 153; Heigel v. Wichita County, 84 Texas, 393; Shropshire v. Behrens, 77 Texas, 275; Texas Consolidated Compress Co. v. Dublin C. & M. Co., 38 S. W. Rep., 408; 2 Cook on Stock and Stockholders, 4th ed., 1536; art. 1556 Rev Stats.; Furgerson v. Halsell, 47 Texas, 422; Martin v. Townsend, 32 Fla., 318.

2. The deed of a corporation must be executed in the name and under the seal of the corporation, De Zeng v. Beakman, 2 Hill (N. Y.), 489; 1 Dev. Deeds, secs. 334 et seq., also secs. 350, 351. Each county is body corporate and politic. Rev Stats., art. 789.

In Frost v. Wolf, 77 Texas, 455, it was said that where seals are necessary and unsealed instrument in form of deeds conveys the equitable title, although the legal title may not have passed. See also, 1 Devlin on Deeds, secs. 246, 247.

In Shropshire v. Behrens, 77 Texas, 225, it was held that a deed by a corporation without seal was insufficient to pass any title, but conceding that the equitable title was passed by virtue of the purported deed made by three of the county commissioners and the county judge of San Augustine County, of the land in controversy to Mrs. Ella C. Rollins, then the court's charge was not · correct, for in National Oil & Pipe Line Co. v. Steel, 95 Texas, 586, and Slaughter v. Coke County,

79 S. W. Rep., 865, it is held that one who acquired only an equitable title could not defend upon the ground of innocent purchaser.

3. If the deed by the county commissioners to Ella C. Rollins was made by the persons who signed the same for the said $500, and also to make good the title that Mrs Rollins had been claiming under E. A. Blount, then it was void, and the jury should have been so instructed, and if they so found, to find for the defendant county. Cassin v. La Salle County, 1 Texas Civ. App., 127.

4. If at the time McDonough received his deed from Ella C. Rollins, and at the time of the execution and delivery to the plaintiff of the deed to him by McDonough, San Augustine County had long prior leased all of its four leagues of land to James R. Kerlin, and if he was on the day and date of said deed in the actual possession of said land, claiming the same openly under said lease, then neither McDonough nor plaintiff could be protected as bona fide purchaser. Collum v. Sanger Bros., 82 S. W. Rep., 459.

5. The recitals in the deed from San Augustine County to E. A. Blount, dated August 16, 1878, and the recitals in the deed from said Blount to Kneeland, the deed from Kneeland to Ella C. Rollins, and the recitals in the deed of February 13, 1884, and the deed from Ella C. Rollins to McDonough, and the deed from McDonough to plaintiff and all recitals therein, might have been looked to by the jury in determining whether or not plaintiff and his vendor were innocent purchasers of the land in question. Peters v. Clements, 46 Texas, 114; Jackson v. Elliott, 49 Texas, 62; Bryan v. Crump, 55 Texas, 1; Graham v. Hawkins, 1 Posey U. C., 514; Moore v. Scott, 38 S. W. Rep., 394; Willis v. Gay, 48 Texas, 469; Waggoner v. Dodson, 73 S. W. Rep., 517; Robertson v. Guerin, 50 Texas, 317; Torrey v. Martin, 4 S. W. Rep., 643; Bergman v. Blackwell, 23 S. W. Rep., 243; Caruth v. Grigsby, 57 Texas, 265; Birdsall v. Russell, 29 N. Y., 22; Claflin v. Lenheim, 66 N. Y., 306; 2 Dev. on Deeds, secs. 1000-1003.

6. The charge of the court was error for that it assumed that the evidence showed that the plaintiff had the legal title to the land, or that if he did not hold legal title, he held an equitable title, and would be entitled to recover unless the defendant had shown by evidence that he and McDonough had acquired this equitable title with notice of the defendant's claim to the land, and that it was conveyed to Mrs. Rollins in fraud of the rights of San Augustine County. See authorities under first section above, and Frost v. Wolf, 77 Texas, 455; National Oil & Pipe Line Co. v. Steel, 95 Texas, 586; Slaughter v. Coke Co., 79 S. W. Rep., 865; 1 Devlin on Deeds, secs. 246, 247.

*Kinder & Dalton, L. G. Wilson, Browning, Madden & Trulove* and *Wm. J. Berne,* for appellee.—1. The deed dated February 13, 1884, executed by the county judge and three county commissioners, conveying the land in controversy to Ella C. Rollins, is sufficient as the act and deed of San Augustine County to convey said lands, and the same was properly admitted in evidence. Constitution of Texas, art. 7, sec. 6; Rev. Stats., arts. 4271, 794, 1550, 1554; Logan v. Stephens County, 83 S. W. Rep., 366; D. S. Trustees v. Wimberley, 2 Texas Civ. App., 404; Ward v. Bartholomew, 6 Mass, 416.

2. The order of the commissioner's court of San Augustine County, made February 13, 1884, together with the deed made, executed and delivered in open court at the time said order was so made and entered of record, and the payment of said sum of $500 into the school fund of San Augustine County, rendered said deed and transaction a good and valid conveyance, so that the legal and equitable title to the lands in controversy was thereby conveyed to and vested in Ella C. Rollins. That the court had power and authority to sell and convey in the manner chosen and pursued, see Const. 1876, art. 7, sec. 6; Revs. Stats., art. 4271; Milam Co. v. Bateman, 54 Texas, 153; Milam Co. v. Blake, 54 Texas, 169; Palo Pinto Co. v. Gano, 60 Texas, 249; Gano v. Palo Pinto Co., 71 Texas, 101; Logan v. Stephens Co., 83 S. W. Rep., 367.

That where commissioners' court had authority to act, their action was not void, but is at most only voidable for fraud or a failure to observe all the requirements of law, see League v. Rogan, 59 Texas, 430; Grigsby v. May, 84 Texas, 249, 19 S. W. Rep., 345; Cameron's Ex'rs v. State, 67 S. W. Rep., 354.

3. To constitute notice of adverse possession there must be an open, visible, and exclusive possession, in order that adverse claimant may be thus notified that his title is disputed. Chance v. Branch, 58 Texas, 493; Polk v. Beaumont Pasture Co., 64 S. W. Rep., 58.

4. A contract, although induced by fraud, can not be avoided if the rights of an innocent vendee have, in the meantime, intervened. Navaro Pub. Co. v. Fishburn, 2 Posey U. C., 596; Hudson v. Morris, 55 Texas, 606; Henderson v. Pilgrim, 22 Texas, 479.

5. Even if the forms of law provided for conveying school lands were not observed, the commissioners' court being clothed with power to sell and convey, the conveyance of Feb. 13, 1884, would not be "void" absolutely, but would be "voidable" only, passing the title to Mrs. Rollins subject to be avoided by action taken therefor on account of such irregularity, fraud, or other legal cause. Cameron's Ex'rs v. State, 67 S. W. Rep., 354; League v. Rogan, 59 Texas, 430; Griggsby v. May, 84 Texas, 249; Calvert v. Ramsey, 59 Texas, 492; Palmer v. T. L. Co., 3 Texas Civ. App., 469, 23 S. W. Rep., 38.

6. Kerlin could not lease from appellant during his tenancy under Mrs. Rollins, hold such lease secretly and thereby deprive appellee and those under whom he claims of their rights, but his possession would be possession of Mrs. Rollins and her vendees until October 1, 1901. Casey v. Hanrick, 69 Texas, 48, 6 S. W. Rep., 405; Lyles v. Murphy, 38 Texas, 78; Lee v. Wharton, 11 Texas, 629.

7. Appellant's right to have the sale and conveyance of February 13, 1884, to Ella C. Rollins, rescinded, if any such right ever existed, appeared to be barred by the law of limitations. Galveston v. Menard, 23 Texas, 408; Railway Co. v. Travis Co., 62 Texas, 17; Caldwell Co. v. Harbert, 68 Texas, 328; Johnson v. Llano Co., 15 Texas Civ. App., 422; Cooper v. Lee, 75 Texas, 114; Shirley v. Waco T. Ry. Co., 78 Texas, 147; Railway Co. v. Titterington, 84 Texas, 225.

That the substantial doctrines of estoppel, laches, and stale demand apply to counties, see Peek v. City of Hempstead, 3 Texas Ct. Rep., 353, 65 S. W. Rep., 656; Mitchell Co. v. City Nat. Bk., 91 Texas, 380,

43 S. W. Rep., 888; Presidio Co. v. City Nat. Bk., 20 Tex. Civ. App., 515, 44 S. W. Rep., 1071; Nolan Co. v. State, 83 Texas, 195, and cases cited; Ft. Worth C. Co. v. Bridge Co., 151 U. S., 294, 38 L. Ed., 167; Pearsall v. Railway Co., 73 Fed. R., 937; District Col. v. Lyon, 161 U. S., 207, 40 L. Ed., 672; Northern Nat. Bank v. Porter, 110 U. S., 608, 28 L. Ed., 258; County of Boone v. B. & Mo. Riv. R. R., 139 U. S., 693, 35 L. Ed., 323; Metropolitan Ry. Co. v. District Col., 132 U. S., 1-11, 33 L. Ed., 231-235; Clark v. Washington, 25 U. S., 12 Wheat., 40, 6 L. Ed., 544; 1 Dillon on Mun. Cor., 4 ed., sec. 548; United States v. Stinson, 60 C. C. A., 615, 618; Chape v. Detroit Plank Road Co., 37 Mich, 195, 26 Am. Rep., 512; Commonwealth v. Andre, 3 Pick., 224.

8.  When Kerlin took the lease from the county, he was in possession, and had been for four years, under a recorded lease, as tenant of Mrs. Rollins.  This presents the question, Can a tenant, put in possession and holding under one person, attorn to, and lease from, a claimant under a title hostile to his landlord?  In Cobbs v. Robertson (Tex. Sup.), 12 Texas Ct. Rep., 782, decided since the opinion in the case at bar was handed down, it was held that such lease and attornment are void.  The court cited with approval the following from Turner v. Thomas, 13 Bush, 524:  "An attornment by a tenant to a stranger, without consent of the landlord under whom he entered, and not pursuant to or in consequence of the judgment, order or decree of a court, is void, and the holding of a tenant so attorning will be treated as the possession of the person under whom he entered.  As said in the case of Blue v. Sayre, 2 Dana, 213, such an attornment is utterly void and ineffectual.  The legal character and effect of the relation of landlord and tenant can not be changed by an illegal attornment, or by mere disclaimer, which can not be deemed as amounting to an actual disseisin, unless the landlord elect to consider it as a disseisin."

CONNER, CHIEF JUSTICE.—This suit as finally resolved is one in trespass to try title in which appellee, as plaintiff below, claims some 2952 acres of San Augustine County school lands by virtue of, (1) a conveyance executed by the county judge and three members of the commissioners' court of said county on February 13, 1884, to Mrs. Ella C. Rollins, and, (2) deed from Ella C. Rollins, joined by her husband, to M. B. McDonough, executed October 11, 1901, and (3) deed from said M. B. McDonough to appellee Madden, also made October 11, 1901. The appellant county specially alleged and sought to show that said Ella C. Rollins claimed by virtue of mesne conveyances from E. A. Blount to whom the land had been conveyed, or attempted to be conveyed, by San Augustine County on August 16, 1878, in payment of services, etc., of said Blount in locating the four leagues of land to which said county was entitled under the Constitution and laws of this State for public free school purposes.  It was alleged, as must be admitted to be true, that said deed of August 16, 1878, to Blount, the source of Mrs. Rollins's original claim of title, was unauthorized for the reasons given by our Supreme Court in the cases of Tomlinson v. Hopkins County, 57 Texas, 572, and Pulliam v. Runnels County, 79 Texas, 363.  Appellant further alleged that appellee and all those under

whom he claimed had notice of the invalidity of the title emanating from E. A. Blount, and that the said deed of February 13, 1884, to Ella C. Rollins was but an effort on the part of the parties thereto to cure the want of title mentioned.

The recitations in conveyances under which Mrs. Ella C. Rollins claimed prior to February 13, 1884, undoubtedly effect her with notice of the defective title, and there was evidence tending to show that the conveyance made to her on that day by the Commissioners' Court of the appellant county was, in part at least, to cure the defect in her title. The agent of Mrs. Rollins, however, who induced this action testified that "the consideration paid to the county of San Augustine at the time, acting through and by its Commissioners' Court, was $500, and this $500 was all the consideration paid, it being stated distinctly at the time in open court by myself, acting for Mrs. Rollins, that the said $500 was all the consideration to be paid, and was so accepted by the court, and no other inducement was offered to the court to obtain deed to Mrs. Rollins. If there was any other motive in the minds of the members of said court in making said deeds, I am unable to state. There was a conversation between the members of said Commissioners' Court and myself at the time concerning a claim which Mrs. Rollins had to said land, which claim it was agreed was invalid and ineffective as against San Augustine County. I stated to the court at the time that Mrs. Rollins had no legal or effective title against said county as to the land; that she did not make the offer to purchase said land from the county by way of a compromise, but as a straight purchase. My reason for making such clear statement was to obtain for Mrs. Rollins an unquestionable title to the land. Mrs. Rollins had previous to this made claim to the land in question, but when the matter was placed in my hands as the legal agent and representative of Mrs. Rollins, I fully understood and agreed with the Commissioners' Court of San Augustine County that Mrs. Rollins' previous claim was a nullity. The Commissioners' Court knew that Mrs. Rollins had such a claim to the land, and further knew that her prior title to the land was a nullity, or at least, it was my understanding that they did. I know this because of my conversation with members of the court in session at the time. There was no other inducement offered the court by me for the purchase of the land except the $500 paid them. I know this as a fact, as I conducted the negotiations for and completed the transactions of the purchase personally with said court for Mrs. Rollins. So far as I know the proposition of purchase and acceptance was openly and fairly made. There was absolutely no fraud or deceit used or practiced to procure said order of the court." Several of the county commissioners of San Augustine County gave testimony of substantially like effect, in which condition of the evidence the court gave the following charge: "If the County Commissioners' Court of defendant county, without being induced so to do by any deceit or false and fraudulent representations made by Ella C. Rollins, or her attorney, S. W. Blount, Jr., accepted the sum of $500 as a full and complete consideration, and only consideration, and payment for the land in controversy, and such sum was in fact paid to the treasurer of said county for the benefit of the public school fund of said county, then said order and conveyance

on February 13, 1884, was and constitutes a valid conveyance and transfer of the land in controversy, and if you so find from the evidence, you will find for plaintiff the land in controversy."

We think this charge misleading and prejudicial, as alleged by appellant under its seventeenth assignment of error. There was no allegation on appellant's part of any deceit or false representations made by Mrs. Rollins or by her attorney to induce the execution of the deed of February 13, 1884, and, as we have seen from the testimony quoted, no proof of deceit or false representations. It is evident that in event of such a finding the jury were authorized by this charge to find for appellee on the sole ground that the conveyance was valid and sufficient to convey out of San Augustine County her undoubted title, regardless of the issue tendered by appellee of an innocent purchase, both by himself and by his vendor McDonough. The Commissioners' Court of San Augustine County undoubtedly had the power to convey all or any part of her school lands in such manner as that court might have provided. See Rev. Stats., art. 4271; Logan v. Stephens County, 37 Texas Civ. App., —, 83 S. W. Rep., 366. But in the case of Cassin v. LaSalle County, 1 Texas Civ. App., 127, 21 S. W. Rep., 122, it was held, upon the authority of Tomlinson v. Hopkins County, 57 Texas, 572, hereinbefore cited, that a sale of such lands by the Commissioners' Court upon a consideration in part other than money, was invalid. If, therefore, the equities of Mrs. Rollins, as there was testimony tending to show, entered into and constituted a part of the consideration for the conveyance of February 13, 1884, and if Mrs. Rollins, or her agent who procured the conveyance, knew the fact, or had knowledge of such facts as to put them upon inquiry, then the conveyance was unauthorized, even though there may have been no fraud or deceit practiced on the part of either Mrs. Rollins of her agent. In such case the vital question is one of power vel non in the Commissioners' Court. If the power be nonexistent a purchaser who knew, or by the exercise of ordinary prudence could have known, of a want of such power, can not take the title, however innocent in intention he may have been, and however frank all the parties to the conveyance were. For the error in the charge therefore the judgment must be reversed.

In view of another trial, and of what we have said above, we will add that we think that the order of the Commissioners' Court, and the deed to Mrs. Ella C. Rollins made by the county judge and three of the members of the Commissioners' Court on the 13th day of February, 1884, sufficient in form, and conveyed at least an apparent title to the land in controversy. In our opinion it was not inoperative merely because the signatures were not attested by a seal. It was properly acknowledged by the makers named, with the seal of the county and district clerk of that county to the certificate of acknowledgment, and purported, as we think, to be for and on behalf of San Augustine County, and therefore the act of the county. The statute already cited authorizes county Commissioners' Courts to sell the county school lands, but does not provide the particular manner in which such sale shall be made, the method being left to the discretion of the Commissioners' Court. The deed on its face purported to be upon a cash consideration alone, and hence such a sale as was authorized by law. It is undisputed

that such cash consideration was paid in behalf of Mrs. Rollins at the time of the execution of the deed; that the members of the Commissioners' Court received it and subsequently placed the same- as part of the public free school fund of the county, where it is yet retained. The order of the Commissioners' Court was an authorized one and bore no evidence of fraud or of secret act, so that the want of power in the Commissioners' Court, if any, to execute the conveyance, because of the fact that a consideration other than money entered into the sale, if so it was, is not apparent upon the face of the instrument nor upon the order. The county judge and the county commissioners who made the order and executed the deed under consideration constituted, by the terms of our statutory law, the Commissioners' Court of the county. As such they were the officially designated and authorized persons to act for it. Their act, which was at least apparently well within the limits of the power and discretion vested in them, was, as before stated, the act of the county itself. The testimony of both appellee and his vendor McDonough tends to show that at the time of their several purchases they were without actual notice of any defect in Mrs. Rollins's title, and that they purchased in good faith paying an adequate consideration, and the issue thus presented, we think, available to appellee. Under such circumstances we think it well settled that a county, like an individual, is subject to the principles of law underlying the doctrine of innocent purchasers. (4 Thompson on Corporations, secs. 5247, 5262; Adams Co. v. Railway Co., 39 Iowa, 407; Nolan County v. State, 83 Texas, 194; Mitchell County v. Bank, 91 Texas, 362; Presidio County v. Bank, 20 Texas Civ. App., 511; Commissioners of Knox County v. Aspinwall, 21 How., 539.)

There was evidence that in August, 1900, prior to either appellee's or McDonough's purchases, one J. R. Kerlin leased from San Augustine County all of its public free school lands, including that in controversy. At the time of this lease, however, Kerlin was already in possession of the land in controversy under and by virtue of a lease for five years from Mrs. Rollins that did not expire until about the first of November, 1901, which was subsequent to the conveyances under which appellee claims. It is insisted in behalf of appellant, in effect, that the fact of the acceptance of the lease from San Augustine County, and of Kerlin's subsequent possession of the premises thereunder, affected both appellee and McDonough with notice of appellant's title, and the case of Collum v. Sanger Brothers, 98 Texas, 162, 11 Texas Ct. Rep., 78, seems to support this contention. But we are not inclined to extend the doctrine of the Collum case, and the majority think it distinguishable from the one before us. In the Collum case the person in possession was permitted to hold an undivided interest in land acquired by an unrecorded deed, as against an execution purchaser without notice thereof, in addition to an undivided interest of which the execution purchaser had notice. The contest there was directly between the purchaser and the possessor, and the possessor's title was not only hostile to the claimant, but her possession was distinct, exclusive and openly asserted by virtue of such hostile title. In the case before us it is undisputed that Kerlin, the alleged tenant of San Augustine County, had gone into and long held possession by virtue of a lease from Mrs.

Rollins which was of record; that the lease from San Augustine County merely included the land in controversy with other lands not herein involved, and was kept with Kerlin's private papers and not recorded until after the purchases under which appellee claims; that the rental provided for by the Rollins lease was regularly paid until after appellee's purchase, and there was evidence tending to show that neither appellee nor his vendor, McDonough, had any actual notice of the apparently concealed fact that San Augustine County had executed a lease to Kerlin. It seems difficult to say that Kerlin's possession under the circumstances was the possession of San Augustine County. It was certainly not exclusively so. It was at best concurrent with the possession devolved by the lease of Mrs. Rollins. There was no real or apparent repudiation of the Rollins asserted right of possession, though the county's lease was distinctly hostile in nature. Two hostile possessions could not well coexist, and the majority at least feel unwilling to say that as a matter of law appellee was required under the circumstances to take notice that Kerlin was claiming, if he did so, some right under San Augustine County, and from this fact required to further take notice of the character and extent of the county's claim. Kerlin could not thus surreptitiously gain possession as against his landlord, Mrs. Rollins, nor do we think San Augustine County should be allowed through him to assert a right which by limitation might confer title, or any other right of a lawful possessor. Under the common law a delivery of seizin, or possession, was necessary to the creation of a leasehold interest in lands. (Tiedeman on Real Property, sec. 772.) San Augustine County made no delivery, and in no legal sense did Kerlin become its tenant. That a tenant can not dispute his landlord's title, and that limitation will not begin to run in his favor until he has distinctly repudiated his landlord's title and notice of that fact brought home to his landlord by notorious adverse possession or otherwise, are rules so familiar that no citation of authority is required, and Mr. Wade, in his work on the Law of Notice, in speaking of the character of the possession sufficient to give notice of the claimant's title, not only says (2d Edition, sec. 288) that it must be "actual, open and notorious," but also "exclusive" (sec. 290), "unequivocal" (sec. 291). This author in section 297 announces the rule applied in this State, that if the possession be consistent with the recorded title, it is referable thereto, and in sections 302 and 303, further says: "It has also been decided, where possession by one's lessees or tenants was regarded as sufficient, that their tenancy must commence after the acquisition of the title evidenced by such possession. In other words, where, at the time of the sale, the grantor was in possession by his tenants, who afterwards attorned to the grantee, the grantor's deed being unrecorded, this was held insufficient to charge even an attaching creditor of the grantor with notice of such unregistered conveyance." "So where one who held possession as lessee, and after the expiration of the term remained a tenant at sufferance for a short time and then purchased the fee, it was decided that such possession would be referred to the original tenancy under which it commenced, and would not stand for notice of title under which she held at the date of the subsequent purchase." See, also, Devlin on Deeds, secs. 776, 769, 770, and authorities cited.

We conclude this subject by saying that we think the question is one of fact for the jury's determination, whether the circumstances of Kerlin's possession or claim, if any, under the county lease was of such notoriety or character as to put purchasers upon inquiry or notice. To hold otherwise, it seems to us, is to violate the spirit of our registration statutes, and to enable hostile claimants to mislead and perpetrate frauds upon innocent purchasers.

Nor do we think the recitations in the several conveyances constituting Mrs. Rollins's previous title, prove as matter of law notice to appellee or McDonough of the vice alleged to exist in the deed from San Augustine County of February 13, 1884. Those recitals, as matter of law, constitute notice to appellee and to McDonough of all things to be reasonably inferred therefrom, and nothing more. (Sayles' Civ. Stats., art. 4652; White v. McGregor, 92 Texas, 556, 50 S. W. Rep., 564; Dalton v. Rainey, 75 Texas, 516.) They at most prove merely that the land had been originally conveyed to Mrs. Rollins's remote vendor for a consideration other than money, and therefore that her title emanating from that source was invalid. The purchase, however, by Mrs. Rollins in 1884 direct from San Augustine County was not inconsistent with the facts shown by the recitals, but was entirely consistent with the thought that the fact proven by the recitals was acknowledged, and that a new and different, a perfect title was sought and obtained. The recitals referred to did not necessarily convey knowledge of the further fact that the Commissioners' Court of San Augustine County in making the conveyance of February 13, 1884, secretly accepted, in contradiction of the import of the recitals of the conveyance, something other than money in part consideration for the new transfer. If appellee and McDonough in fact knew of these recitals, it would of course be proper for the consideration of the jury, together with all other evidence upon the issue of notice or knowledge in fact.

In answer to all assignments of error presented in behalf of appellant appellee insists that under the law and the undisputed facts, no other verdict and judgment than for appellee could have been rendered. The contention is that the order and conveyance of February 13, 1884, is at most but voidable on the ground of fraud; that the right asserted by appellant in effect is one to cancel and set aside said order and conveyance upon this ground, the right to do which has been barred by the law of limitation and laches. While it is true that nearly twenty years elapsed after the conveyance to Mrs. Rollins in February, 1884, before San Augustine County asserted any right whatever in hostility thereto, we nevertheless feel unable to agree with the contention that appellant's right, if any, has been barred. By the express terms of our Constitution the defense of limitation is not available. It provides; "all lands heretofore or hereafter granted to the several counties of this State for educational purposes are of right the property of said counties respectively to which they were granted and title thereto is vested in said counties and no adverse possession or limitation shall ever be available against the title of any county." (Art. 7, sec. 6.) The county then can be precluded from a recovery only by an application of the doctrine of innocent purchaser, as to which we have we think sufficiently indicated our views.

Because of the error in the charge discussed, it is ordered that the judgment be reversed and the cause remanded for a new trial in accordance with the views herein expressed.

### ON MOTION FOR REHEARING.

Appellee now insists that notwithstanding the errors discussed in our opinion on original hearing no other judgment than the one rendered could have been rendered, on the ground that the undisputed evidence shows that the appellee's immediate vendor, M. B. McDonough, was an innocent purchaser of the land in controversy for value and without notice of defect of title. This question was not so presented in appellee's brief on original hearing, and we hence did not then review the evidence with a view of its determination. We have now, however, carefully considered the evidence and the arguments of counsel on the point and conclude that we must sustain the contention stated.

M. B. McDonough testified by deposition on his examination in chief, as follows: "My name is Michael B. McDonough; I am sixty years old and live in Chicago, Illinois, and am a real estate agent. I am the same Michael B. McDonough· to whom Chas. E. and Ella C. Rollins conveyed 2,952 acres of land in Lubbock County by deed of October 11, 1901. I bought the property about the latter part of March, 1901. The deed was not made out until later. The conveyance was made on the 3d day of April, 1901. I haven't the deed in my possession and do not know where it is. The original conveyance was not put of record, because of the fact that the land in question was leased to a Mr. Burns, which lease did not expire until October 1, 1901, and before that lease expired I sold the land to Mr. Madden, and he objected to the deed of April 3. Something in the acknowledgment did not suit him, and he wanted another deed; so on the 11th day of October, 1901, Mr. and Mrs. Rollins made another deed to me, and I in turn made another deed to Mr. Madden for the purpose of correcting the objections made to the first one. At the time I bought the land I had no knowledge of any claim, and never heard of any adverse claims to Mrs. Rollins's title. The deed recites the true consideration. I paid them $1,000 in cash, and released a claim for services rendered, which was included as a part of the consideration in addition to the one thousand dollars paid." The evidence of this witness on cross examination is somewhat voluminous and hence will not be copied. But nothing thereby developed weakens the force of what we have quoted. If anything it adds thereto. The following may be pertinent, viz: that he was in the real estate business and not related to, or the agent or attorney of, any of the parties; that he had known Mrs. Rollins about four years and Mr. Rollins about seven years; that "it was a straight business deal" with him; that he purchased the property for himself and acted for himself alone in the matter; that he knew of the character and value of the land from information furnished by Mr. Rollins and others, and knew Kerlin was in possession as subtenant under Mr. Burns, lessee of Mrs. Rollins; that he paid of his own money one thousand dollars in cash and released claim. against Mr. Rollins; that he investigated the title; had abstract and lease of parties in possession and opinion of Mr.

Lockett, of Austin, Texas, to the effect that Mrs. Rollins's title was good.

We find nothing in all this that even tends to show that McDonough was other than a purchaser of the land in controversy in good faith, for a valuable consideration and without notice of the latent facts, if permissible to so term them, relied upon as establishing the defect, if any, in the title conveyed to Mrs. Rollins by the deed of San Augustine County of date February 13, 1884. Nor do we find any other evidence of probative force that in our opinion does so. The arguments in behalf of appellant have been read, but the circumstances therein adverted to, such as that McDonough purchased without personal examination, failed to write to or make inquiries of Kerlin, etc., at most but create a suspicion, and are all sufficiently explained consistently with appellee's contention. It is true that in our opinion on original hearing, in discussing the effect of Kerlin's alleged possession under a lease from San Augustine County, we said that the question thereby presented was "one of fact for the jury's determination, whether the circumstances of Kerlin's possession or claim, if any, under the county lease was of such notoriety or character as to put purchasers upon inquiry or notice." This was stated, however, because of appellant's contention that the mere fact of Kerlin's possession under the county's lease in legal effect constituted notice and in view of the possible developments on another trial, and not because of any evidence that Kerlin's claim of possession under the lease was attended by any notoriety or circumstances tending to affect McDonough with notice. As a matter of fact we find nothing in the evidence of any notoriety or circumstance accompanying said claim of Kerlin's that even tends to show that M. B. McDonough was put upon inquiry or notice and our view on this subject, as originally expressed, having been since confirmed by our Supreme Court in the case of Cobb v. Robertson, 99 Texas, 138, where it is held, in effect, that an attornment such as shown by Kerlin is a nullity, we see no necessity for a submission of the issue to the jury. We therefore finally conclude on the whole that the undisputed evidence shows that appellee's vendor was an innocent purchaser of the land in controversy for value and without notice of any defect of title in Mrs. Rollins. Appellee, regardless of notice on his part, acquired all the right and title of McDonough, and it hence follows therefrom, and from our conclusions on original hearing not in conflict herewith, that appellee's motion for a rehearing should be granted, and the judgment below affirmed.

Motion for rehearing granted, and judgment affirmed.

*Affirmed.*

Writ of error refused.