**EHLINGER, County Judge, et al. v. CLARK. (No. 8750.)**

(Court of Civil Appeals of Texas. Galveston. April 15, 1926. Rehearing Denied May 13, 1926.)

1. **Public lands** ⬤⟳173(14)—**Oil lease held void as conveying interest in school lands for consideration other than money.**

Contract for lease by commissioners' court, giving lessee right to take oil from school lands for consideration, in part, of one-eighth of such oil, to be delivered to county, *held* void, as conveying interest in school lands for consideration which in part was not money.

2. **Public lands** ⬤⟳173(14)—**County cannot use portion of minerals in school land to pay for cost of bringing minerals to surface (Const. 1876, as amended in 1883, art. 7, § 6).**

Under Const. 1876, as amended in 1883, art. 7, § 6, county cannot use portion of oil or minerals in school land which are part of land itself in payment of necessary costs of bringing minerals to surface for sale.

3. **Public lands** ⬤⟳173(14)—**Contract empowering lessee of county school lands to transfer lease held void as delegating commissioners' court's duties.**

Contract for oil and gas lease by commissioners' court, giving lessee right to transfer lease or sublet property as agent of county for such royalties as he deems sufficient, and binding county to repay him out of such royalties amounts paid by him on his notes to county, *held* a delegation of duty imposed on commissioners' court to exercise judgment in determining conditions of lease of county school lands, rendering contract void.

Error from District Court, Fayette County; M. C. Jeffery, Judge.

Suit by John P. Ehlinger, County Judge, and others against I. E. Clark. Judgment for defendant, and plaintiffs bring error. Affirmed.

John P. Ehlinger, of La Grange, for plaintiffs in error.

H. R. Clark, of La Grange, and H. W. Wallace, of Cuero, for defendant in error.

PLEASANTS, C. J. This suit was brought by plaintiffs in error against the defendant in error to recover the amount due upon two notes for the sum of $2,000 each, executed by the defendant in favor of plaintiff Ehlinger, county judge of Fayette county.

The answer of defendant contains exceptions to plaintiffs' petition, on the ground that it shows upon its face the lease contract, in consideration of which the notes sued on were executed, was illegal and void, and therefore said notes were without consideration and their payment unenforceable. These exceptions are followed by the following special plea:

"Defendant shows that he made and entered into said transaction in good faith, believing that said transaction was legal and valid, and that the oil and gas lease so executed to him was authorized by law, and that by it he was vested with the rights and interests expressed in said lease, and that said transaction would result in the material advantage and benefit of the permanent school fund of Fayette county as well as to this defendant. But subsequently this defendant was advised, and he now upon information and belief charges and alleges the fact to be, that the commissioners' court of Fayette county, Tex., was and is forbidden by law to make and enter into said contracts and agreement, and to execute and deliver said oil and gas lease, and had and has no authority or legal power to make, execute, and deliver said oil and gas lease, or to authorize the same to be done by the county judge or any one else, and that same were and are illegal and totally void, and were ineffectual to pass and did not pass any such right or interest in or in regard to the oil and gas in said land as are described in said lease and attempted therein to be leased or conveyed to defendant.

"Defendant alleges, upon his own knowledge, that there was no other consideration of any sort whatever for the execution and delivery by this defendant to Fayette county of the notes, or either of them, described in plaintiffs' petition, than the said oil and gas lease hereto attached and marked as an exhibit, and defendant alleges that said lease was and is utterly worthless and of no value to defendant. Defendant has heretofore offered, and does now offer to cancel all of said lease and contract, and has frequently demanded of Fayette county that it cancel and return to him both the promissory notes described in plaintiffs' petition.

"Wherefore defendant says that there was not and has never been any consideration whatever for the two notes which are sued upon in this cause, and that all pretended or apparent consideration therefor was and is totally null and void, and defendant has received nothing for said notes, or either of them, and the consideration shown or recited in said lease, contracts, and documents for said notes wholly failed, and this he is ready to verify."

The trial in the court below without a jury resulted in a judgment in favor of defendant.

The oil lease contract, in consideration of which the notes sued on were executed, is evidenced by written instruments containing many stipulations and agreements which are not material to the question presented by this appeal and need not be set out in detail.

The instrument leases to appellee, for a consideration of $5 cash and the two notes for $2,000 described in plaintiffs' petition, 4,000 acres of school lands of Fayette county, situated in Baylor county, for the purpose of mining and operating for oil and gas. The lease is for a term of five years, and as long thereafter as active drilling operations are carried on by the lessee, or oil or gas is produced from the land by the lessee. The lessee agrees to deliver to the lessor one-eighth of all the oil produced from the land, and to pay an agreed price for the gas that he might produce therefrom not used in carrying on the drilling operations on the property.

Drilling operations were to begin in one year, but might be deferred from year to year during the five-year period of the lease by the payment by the lessee, in advance, of the sum of $200. The lessee is also given the right to transfer the lease or to sublease the land or any part thereof, and agrees to pay to the county a portion of the bonus or royalty he might receive from such assignment or sublease.

[1] We think the trial court correctly held that the commissioners' court was not authorized to make the lease because it was in effect a conveyance of an interest in the school lands of Fayette county for a consideration which in part was not money, and because it gives the lessee the right to sell and dispose of the oil and gas in said lands upon such terms as he might deem proper, thus in substance and effect delegating to the lessee an authority and discretion in the disposition of the county school lands which the law vests in the commissioners' court, and which is nondelegable.

The contract of lease gives the appellee the right to take the oil from the school lands of Fayette county for a consideration of one-eighth of such oil to be delivered by the lessee to the county. In the case of Thompson v. Upshur County (Tex. Civ. App.) 211 S. W. 325, in which a writ of error was denied by the Supreme Court, it is held that a lease of this kind is a conveyance of the oil, which is a part of the land, and that such conveyance is void when made for other consideration than money. In the case of Stephens County v. Oil Co., 113 Tex. 160, 254 S. W. 290, our Supreme Court holds that a lease of this kind is a conveyance of an interest in the land.

[2] Section 6 of article 7 of the Constitution of 1876, under which Fayette county ac-

quired title to the lands leased to appellee, as amended in 1883, contains the following provision:

"Said lands and the proceeds thereof, when sold, shall be held by said counties alone as a trust for the benefit of public schools therein; said proceeds to be invested in bonds of the United States, the state of Texas, or counties in said state, or in such other securities and under such restrictions as may be prescribed by law."

In the case of Dallas County v. Land & Cattle Co., 95 Tex. 200, 66 S. W. 294, our Supreme Court declares the word "proceeds," as used in this provision of the Constitution, to mean "the entire proceeds, and not the net proceeds," and holds that a contract by which Dallas county gave an agent a portion of its school lands in compensation for his services in surveying, mapping, and classifying the lands to facilitate their sale by the county was unauthorized and void in that it was an expenditure of a trust fund for a purpose not authorized by the donor. If a county under this provision of the Constitution cannot use a part of its school lands or the proceeds of their sale in payment of the necessary costs of such sale, it logically follows that it cannot use a portion of the oil or minerals in the land, which are a part of the land itself, in payment of the necessary costs of bringing the minerals to the surface for sale.

In discussing the question in the case cited, the court, speaking through Chief Justice Gaines, says:

"But, in any event, the word 'proceeds' in the section we are considering is not restricted by any other words which qualify its meaning and should therefore be applied in its broadest sense unless the context or the reason of the provision should show that it was used in a less enlarged sense. The dim light of the context in this case tends rather to show that it was intended to mean the gross proceeds, that is, the entire purchase money. As to the reason of the provision, it may be urged that since the county is made a mere trustee, it is unreasonable to suppose that it was intended to charge it in its individual capacity with the expense of administering the trust fund. The answer is that while in legal contemplation the county is but a trustee and the school fund the beneficiary, the county has an important interest in the maintenance of public schools within its limits; and that it is not unreasonable that the framers of the Constitution should have deemed it politic to make the expense of administering a fund set apart for the support of public schools in the county a charge upon its general revenues. Since the lands are the gift of the state for the special benefit of the educational interests of the county, it is not a hardship to require the county administration to bear the expense of converting the land into money. Our conclusion is that the commissioners' court of Dallas county did not have the power to convey the land in controversy to John Henry Brown in payment of his services in subdividing the county school lands for sale, and that the dis-

trict court and the Court of Civil Appeals did not err in so holding."

[3] Taber v. Dallas County, 101 Tex. 241, 106 S. W. 332, San Augustine County v. Madden, 39 Tex. Civ. App. 257, 87 S. W. 1056, and Waggoner v. Wichita County (C. C. A.) 3 F.(2d) 963, 964, all hold that a contract by a county for the conveyance of its school lands for any other consideration than money is void. The contract of lease contains the following agreement:

"That the two notes, each for the sum of $2,000.00, dated April 14, 1920, due respectively December 14, 1920, and December 14, 1921, bearing 5 per cent. interest per annum from April 14, 1920, shall be paid and discharged without reference to whether said lands are developed and are proven productive of oil or not; but in the event that said land is developed and proves productive of oil, or subleased, or such leases transferred and assigned, then out of any and all proceeds arising from the sale or sublease, transfer and assignment of the oil and gas lease, hereinabove referred to, or any bonus or royalty that may be received thereon, one-fourth ($\frac{1}{4}$) of all such proceeds shall be held, used, and paid over to the said I. E. Clark, until said one-fourth ($\frac{1}{4}$) of all such proceeds shall equal and amount to the principal amount of said two notes, aggregating $4,000.00, together with all interests paid thereon; and after said one-fourth ($\frac{1}{4}$) shall equal the amount of such principal and interest paid thereon, then the remaining one-fourth ($\frac{1}{4}$) of all such proceeds shall belong to and be paid over to, as received, J. P. Ehlinger, county judge of Fayette county, Tex., or his successor in office, at office in La Grange, Tex., for the benefit of the Fayette county public school fund."

The language of this provision of the contract is somewhat involved, and its meaning is not entirely clear, but when considered in connection with the provision before mentioned, giving the appellee the right to transfer the lease or to sublet the property, we understand it to authorize him as an agent of the county to lease the property on any terms he might deem advisable, and to allow him a credit of one-fourth of the proceeds of any lease he might make of the property un-til the amount so received by him became sufficient to discharge the notes given by him to the county, after which said one-fourth of the proceeds should belong to the county.

It relieves appellee of any obligation to develop the property for oil under his lease contract, and, in lieu of such obligation, permits him to lease the county school lands for such bonus and royalties as he might deem sufficient, and binds the county to repay him out of such bonus and royalties the amounts paid by him on his notes.

We think this was a delegation by the commissioners' court of the duty imposed upon it by law to exercise its judgment and discretion in determining the terms and conditions upon which the county school lands could be sold or leased, and such attempted delegation of authority to appellee rendered the contract void. Logan v. Stephens County, 98 Tex. 285, 83 S. W. 365; Gallup v. Liberty County, 57 Tex. Civ. App. 175, 122 S. W. 291; Carter-Kelly Lumber Co. v. Angelina County, 59 Tex. Civ. App. 310, 126 S. W. 293.

We cannot agree with appellant that the record discloses that the notes sued on were executed in settlement of a dispute between the parties as to appellee's liability under a previous contract of lease of the property, and for this reason should be held enforceable regardless of whether the lease contract is valid.

The record does show that there had been a previous lease contract between the parties with which appellee had failed to comply, and that appellant was asserting a claim against appellee thereon. But it does not appear that appellee was disputing this claim. While the lease in consideration of which the notes were executed was by agreement of the parties executed in lieu of the previous lease, the transaction was not a compromise of any dispute as to appellee's obligations under the first lease, and the principle of law invoked by appellant is not applicable to the facts disclosed by the record.

We think the judgment of the trial court should be affirmed, and it has been so ordered.

Affirmed.