

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Hon. Charles R. Martin
County Auditor
Harrison County
Marshall, Texas

Opinion No. O-6551
Re: Payment of traveling expenses of the Commissioners' Court of Harrison County under the provisions of House Bill No. 84, 49th Legislature and under the provisions of the Harrison County Special Road Law (1931).

Dear Sir:

We are in receipt of your letter of recent date requesting the opinion of this department on the above stated matter. We quote from your letter as follows:

"The last Legislature passed an Act, same being H.B. No. 84, amending Article 2350, Title 44, R.C.S., and other amendments, whereby they receive raises in pay according to assessed valuations.

"Under Section la, the Commissioners' Court in each county is hereby authorized to pay the actual traveling expenses incurred while traveling outside of the County on official county business never to exceed Three Hundred Dollars ($300.00) in any one year for each said official.

"In Harrison County we have a special road law, enacted by the Legislature of the State of Texas, a great number of years back, and section 10 of said law provides as follows: 'Each County Commissioner and the County Judge of said court when traveling on county business relating to the roads or highways of said county shall be allowed the sum of Seven (7c) cents per mile as traveling expenses to be paid out of the Road and Bridge Fund on sworn statement at the end of each month; provided that the county shall not pay to the County Judge or any county commissioner in excess of Fifty ($50.00) Dollars as traveling expenses for any one month.'

"The Harrison County Road Law repeals Chapter 42, Acts of the First Called Session of the 27th Legislature (the same being known as the Davidson Road Law.

"Question, under H.B. 84, would it be legal for the County to pay the actual traveling expenses

incurred while traveling outside of the County on
official county business, in addition to the travel-
ing expense allowed under our Special Road law,
quoted above, either on business connected with the
Road and Bridge Fund, or General Fund, and if so,
would the County Judge be entitled to the traveling
expenses also as set out under H.B. 84?

"Also, where the Commissioners Court of a county
should decide to send one of its members out of the
county with reference to the leasing etc., of lands
owned by the Permanent School Fund, which lease money
is paid to the Available School Fund, would it be le-
gal to pay this expense out of the Available School
Fund, or should the same be paid out of the General
Fund? H.B. 84 does not say from what fund this ex-
pense should be paid."

House Bill No. 812, Chapter 156, Special Laws, Regular
Session, 42nd Legislature, 1931, in part provides:

"Sec. 10.  Each County Commissioner and the County
Judge of said county (Harrison County) when traveling
on county business relating to the roads or highways
of said county shall be allowed the sum of Seven (7¢)
cents per mile as traveling expenses to be paid out of
the Road and Bridge Fund on sworn statement at the end
of each month; provided that the county shall not pay
to the County Judge or any County Commissioner in ex-
cess of Fifty ($50.00) Dollars as traveling expenses
for any one month."  (parenthesis ours)

House Bill No. 84, 49th Legislature, in part provides:

"Section la.  The Commissioners' Court in each
county is hereby authorized to pay the actual travel-
ing expenses incurred while traveling outside of the
county on official county business never to exceed
Three Hundred Dollars ($300) in any one year for each
said official.

"Sec. 4.  That all general laws, or parts of general
laws in conflict with the foregoing Act, be, and the same
are hereby expressly repealed."

House Bill 84 which amends Article 2350, Vernon's Anno-
tated Civil Statutes, is a general law relating to the salaries of
county commissioners and the traveling expenses of the commission-
ers' court.  House Bill No. 812, Special Laws of Texas, Regular
Session, 1931, Chapter 156, is a special law applicable to Harrison

County;  Section 10 of said Act provides for the payment of traveling expenses of the county judge and the county commissioners when such travel is in connection with the roads and highways of said county.  The enactment of a general law does not, by implication, operate as a repeal of the special law, although both laws relate to the same subject matter.  Also, the general law is applicable in all cases not embraced by the special act.  (Townsend v. Terrell, 16 S.W. (2d) 1063; Ellis v. Batts, 26 Texas 703).  We note, also, that House Bill No. 84, supra, by the terms of Section 4, repeals only general laws or parts of general laws in conflict therewith; consequently, it would not operate as a repeal of the special law, insofar as the same subject matter is covered in the Harrison County Special Road Law.  The special act is construed as constituting an exception to the general law.  (Cole v. State, 170 S.W. 1036)  It is therefore the opinion of this department that the provisions of the Harrison County Special Road Law would control with reference to the payment of traveling expenses of the county commissioners and the county judge insofar as such travel is related to the roads or highways of said county.  It is our further opinion that the payment of traveling expenses, other than travel relating to the roads and highways of said county, should be governed by the provisions of House Bill 84.

With reference to your question as to whether the county judge would be entitled to traveling expenses under the provisions of House Bill No. 84, we note that the Act refers to "the commissioners' court" and sets the maximum amount to be paid for traveling expenses in any one year for "each said official."  In view of the fact that the county judge and the several commissioners constitute "the commissioners' court" (Art. 2342, V.A.C.S.), it is our opinion that the county judge would be entitled to actual traveling expenses under the provisions of Section 1a of House Bill 84, subject to the limitation that the county judge's traveling expenses in connection with the county roads and highways of Harrison County should be governed by the provisions of the Harrison County Special Road Law.

With reference to your inquiry as to the proper fund with which to pay the traveling expenses authorized under the provisions of Section 1a, House Bill 84, this department held in Opinion No. O-6604 that said expenses should be paid from the County General Fund.  We quote from said opinion as follows:

"In regard to your question as to which fund the actual traveling expenses should be paid from when incurred under authority of Section 1a of said Art. 2350, R.C.S., as amended by said H.B. No. 84, we quote from the Supreme Court of Texas (Bexar County v. Mann, 157 S.W. (2d) 134) as follows:

"'All county expenditures lawfully authorized
to be made by a county must be paid out of the county's
general fund unless there is some law which makes
them a charge against a special fund.'

"Therefore, as said Section 1a of Art. 2350,R.C.S.,
in which authority to pay traveling expenses is given,
does not make them a charge against any special fund,
we conclude that such traveling expenses should be paid
from the General Fund."

With reference to your question as to the proper fund
from which to pay expenses incident to the leasing of the Harrison
County Public School Lands, we find no constitutional or statutory
provision that would authorize the payment of expenses of this
character from the Available School Fund.

Art. 2826, V.A.C.S., provides:

"It shall be the duty of the Commissioners Court
to provide for the protection, preservation and dis-
position of all lands heretofore granted, or that may
hereafter be granted to the county for education or
schools.  Const., Art. 7, Sec. 6."

Our courts have held that the expenses of acquisition,
preservation and sale of school lands must be paid out of the
County General Fund.  (Brazoria County v. Padgitt (Civ.App.) 160
S.W. 1170, (error refused); Taber vs. Dallas County, 106 S.W. 332;
Dallas County v. Club Land and Cattle Company, 66 S.W. 294;
Pulliam v. Runnels Co., 15 S.W. 277; and Tomlinson v. Hopkins
County, 57 Tex. 572).

In the case of Dallas County v. Club Land and Cattle
Company, supra, the Supreme Court, in justifying the placing of
the expenses of administering the school fund as a charge against
the General Fund of the county, used the following language:

". . . . As to the reason of the provision, it
may be urged that, since the county is made a mere
trustee, it is unreasonable to suppose that it was
intended to charge it in its individual capacity
with the expense of administering the trust fund.
The answer is that while in legal contemplation,
the county is but a trustee, and the school fund the
beneficiary, the county has an important interest in
the maintenance of public schools within its limits;
and that it is not unreasonable that the framers of
the constitution should have deemed it politic to make

the expense of administering a fund set apart for
the support of public schools in the county a
charge upon its general revenues.  Since the lands
are the gift of the state for the special benefit
of the educational interest of the county, it is
not a hardship to require the county administration
to bear the expense of converting the land into
money. . ."

In view of the foregoing authorities, you are therefore
advised that expenses in connection with the leasing of school
lands should be paid from the County General Fund.

We trust that the above and foregoing satisfactorily
answers your inquiries.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By /s/ J. A. Ellis
J. A. Ellis, Assistant

APPROVED JUL 2, 1945
/s/ Grover Sellers
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:       BWB, CHAIRMAN

JAE:LJ:wb