## CARTER-KELLY LUMBER COMPANY v. COUNTY OF ANGELINA.

### Decided February 19, 1910.

**1.—County School Land—Illegal Sale—Ratification.**

A Commissioners' Court made an order appointing and directing the county judge "to sell and to make good and sufficient title to the purchaser or purchasers of all or any portion of said land (the county school land) or timber," and providing that the timber, if it should be sold separately from the land, "should be sold for not less than the regular customary price for same, and the purchase price of said timber only shall be paid in cash." Acting under this order the county judge sold the timber growing upon the land, receiving a cash consideration therefor which was paid into the permanent school fund of the county and afterwards, by order of the Commissioners' Court, was invested in interest bearing bonds, the interest upon which was annually collected by the county and used for the benefit of its public schools. A few days after the sale was consummated the county judge duly reported the same to the Commissioners' Court then in regular session, and a majority of the court approved and confirmed the sale, but no order of approval or confirmation was entered in the minutes of the court. Held (1) the sale of the timber was illegal only in the manner in which it was made; (2) the attempted sale by the county judge as agent for the county was an act which the Commissioners' Court could ratify; (3) that by the acceptance and use of the money and the approval of the sale, the said court ratified the same; and (4) the failure to enter the order of approval in the minutes of the court did not prevent the action of the court from having the effect of a ratification.

**2.—Same—Cases Followed.**

Logan v. Stephens County, 98 Texas, 283; Gallup v. Liberty County, 57 Texas Civ. App., 175; Ewing v. Duncan, 81 Texas, 230, and Waggoner v. Wise County, 17 Texas Civ. App., 220, followed.

Appeal from the District Court of Angelina County. Tried below before the Hon. James I. Perkins.

*Mantooth & Collins,* for appellants.—The court erred in instructing a verdict for the plaintiff: Constitution of Texas, art. V, sec. 18, and art. VII, sec. 6; Rev. Stats. of Texas, arts. 794, 1550 and 4271.

If the order of the Commissioners' Court of November 28, 1900, was not within the power of the court and in all respects valid, the sale and conveyance made thereunder by J. T. Maroney, acting for and on behalf of Angelina County, to J. D. Ford, has been ratified and confirmed by said county and the Commissioners' Court thereof and is in all respects valid and binding on said county. Gallup v. Liberty County, 57 Texas Civ. App., 175; Boydston v. Rockwall County, 86 Texas, 234, 237, 238; Matagorda County v. Casey, 49 Texas Civ. App., 35; Clark and Skyles on the Law of Agency, paragraphs 98, 115, 119, 121, 140; Dillon on Municipal Corporations, paragraphs 463, 547, 548; Mechem on Agency, paragraphs 148, 149, 118; Smith on Municipal Corporations, paragraphs 258, 259, 729; Smith v. Cantrell, 50 S. W., 1081; Merchants Natl. Bank v. Mc-Anulty, 31 S. W., 1097; City of San Antonio v. San Antonio St. Ry. Co., 22 Texas Civ. App., 153; 28 Am. & Eng. Enc. Law (2d ed.), p. 990, notes and cases cited; 16 Cyc., 784, 787, and cases cited; Singleton v. Scott, 11 Iowa, 589; Newton v. Bronson, 13 N. Y., 594; Ellis v. Ellis, 5 Texas Civ. App., 49; Williams v. Meyer, 64 S. W., 66.

Accepting and retaining the benefits arising from a conveyance by which one was not bound or which was voidable as to him, with knowledge of the facts by which the money was received, is a ratification of such conveyance. This applies as well to municipal corporations and trustees as to any class of persons. Same authorities.

*Sam H. Townsend,* County Attorney, and *W. H. Townsend, Jr.,* for appellee.—The Commissioners' Court of Angelina County had no authority under the Constitution and laws of the State of Texas to delegate to J. T. Maroney, agent, authority to sell the growing pine timber upon Angelina County's school lands for such a price, "at not less than the regular customary market price" for same, as shown by the order of said court dated November 29, 1900, for the reason that the said order of the court attempted to delegate to the said J. T. Maroney, agent, "discretionary powers" as to the fixing of the "price" for which the said timber was to be sold, an act which the Commissioners' Court had not authority to make, and therefore void ab initio, and that the attempted sale of the pine timber on said land to J. D. Ford by J. T. Maroney by virtue of said order is void ab initio and passed no title to J. D. Ford to the timber. Constitution of Texas, 1876, art. VII, sec. 6; Board of Trustees v. Webb County, 64 S. W., 486; Logan v. Stephens County, 98 Texas, 283; Fuller v. O'Neil, 69 Texas, 349; Cassin v. LaSalle County, 1 Texas Civ. App., 127; Pulliam v. Runnels County, 79 Texas, 363; Dallas County v. Club Land & Cattle Co., 95 Texas, 200; Tomlinson v. Hopkins County, 57 Texas, 572; Delta County v. Blackburn, 100 Texas, 51; Blackburn v. Delta County, 48 Texas Civ. App., 370; Taber v. Dallas County, 101 Texas, 241; Logan v. Stephens County, 81 S. W., 109; Clay County Land & Cattle Co. v. Wood, 71 Texas, 460; Graham v. King, 50 Mo., 22; Bales v. Perry, 51 Mo., 451; Powell v. Tuttle, 3 N. Y., 397; Perry on Trusts, 2d ed., secs. 402,

499, 602n, 602x, 780, 799; Jackson County v. Brush, 77 Ill., 59; State v. Shaw, 64 Me., 263; 7 Am. & Eng. Ency. Law, 2d ed., 988.

The order of the Commissioners' Court of Angelina County, dated November 28, 1900, attempting to delegate to J. T. Maroney, agent, "discretionary powers" to fix the "regular customary market price" of the pine timber growing upon Angelina County's school lands, and his (Maroney's) act of discretion exercised by virtue of said order in fixing such price of said timber at $600, and the attempted conveyance of such timber by him as agent of Angelina County to Ford for such price so previously fixed by him, are acts void ab initio, and as such can not be ratified by the Commissioners' Court of Angelina County in any manner. Constitution 1876, art. VII, sec. 6; Logan v. Stephens County, 98 Texas, 283; Murchison v. White, 54 Texas, 81; Rue v. Missouri Pac. Ry. Co., 74 Texas, 480; Cummings v. Powell, 8 Texas, 85; Fuller v. O'Neil, 69 Texas, 349; Fourth Natl. Bank of Dallas v. Dallas, 73 S. W., 841; Cassin v. LaSalle County, 1 Texas Civ. App., 127; Noel v. City of San Antonio, 11 Texas Civ. App., 586; Pulliam v. Runnels County, 79 Texas, 365; Daniel v. Mason, 90 Texas, 240; Tomlinson v. Hopkins County, 57 Texas, 572; Nichols v. State, 11 Texas Civ. App., 327; City of Bryan v. Page, 51 Texas, 534; Ferguson v. Halsell, 47 Texas, 421; Gulf, C. & S. F. Ry. Co. v. Styron, 66 Texas, 425; Gano v. Palo Pinto County, 71 Texas, 99; Shelton v. Marshall, 16 Texas, 355; Edwards County v. Jennings, 33 S. W., 585; Norton v. Shelby County, 118 U. S., 454; County of Daviess v. Dickinson, 117 U. S., 657; Aspinwall v. Commissioners Daviess County, 22 Howard (63 U. S.), 365; Wadsworth v. Supervisors, 102 U. S., 534; Marsh v. Fulton County, 10 Wall., 683; Jefferson County v. Arrighi, 54 Miss., 668; Thomas v. Railway Co., 101 U. S., 85; Town of Newport v. Batesville & B. Ry. Co., 24 S. W., 427; Eddy Valve Co. v. Town of Crown Point, 3 L. R. A. (N. S.), 684; Weigel v. Pulaski Co., 32 S. W., 116; 1 Am. & Eng. Enc. Law, 2d ed., p. 1184; 23 Am. & Eng. Enc. Law, 2d ed., p. 889; Clark & Skyles on Agency, par. 115; 1 Dill on Mun. Corp., sec. 25, 463; McCracken v. San Francisco, 16 Cal., 591; Despatch Line of Packets v. Bellamy, 12 N. H., 232; Balch v. Beach, 119 Wis. 77.

If the Commissioners' Court of Angelina County could ratify the sale of the pine timber upon Angelina County's school land as made by Maroney to Ford in compliance with a previous order of said court, such ratification, if any, being a conveyance of lands, was required to be in writing. Rev. Stats., arts. 1554 and 1555; Statute of Frauds, article 2543, sec. 4; Sprague v. Haines, 68 Texas, 215; Robb v. San Antonio St. Ry. Co., 82 Texas, 392; Tolbert v. McBride, 75 Texas, 697; Wright v. Bearrow, 13 Texas Civ. App., 146; Dial v. Crane, 10 Texas, 454; Sanborn v. Murphy, 86 Texas, 437.

McMEANS, Associate Justice.—On November 28, 1900, Angelina County was the owner of 5,140,118 square varas of land, granted to said county by the State of Texas for educational purposes. On that date the County Commissioners' Court of Angelina County in regular session entered the following order:

"It is ordered by the court that the following lands and timbers owned by Angelina County and being situated in Angelina County, Texas, which said land contains 5,140,118 square varas and is better known as the Angelina County school land, and which was patented by the State of Texas to said Angelina County on the 17th day of July, A. D. 1889, which patent is recorded in book 'Q' on pages 494 and 496, deed records of said Angelina County, to which record reference is here made for further description of said land; be and the same is this day put on the market for sale, and J. T. Maroney, county judge of said county, is hereby duly appointed and commissioned as the legal and qualified agent of said county to negotiate, sell and make good and sufficient title to the purchaser or purchasers of all or any portion of said land or timber so sold upon the following terms and stipulations, to wit: Provided that none of said land shall be sold for less than two dollars and fifty cents ($2.50) per acre, and the timber only, if sold separately from the land, at not less than the regular customary market price for same, and the purchase price of said timber only shall be paid in cash. The said land shall be sold either for cash or on credit as the said J. T. Maroney, agent as aforesaid, shall deem to be the best interest of said county; and if sold on credit, the vendor's lien shall be specially retained in the deeds of conveyance, on said land, to secure the deferred payments on same, and all deferred payments shall bear interest at six percent per annum. J. A. Sumrall voting 'No.'"

Thereafter on the 3d day of June, 1901, J. T. Maroney sold and conveyed to J. D. Ford all the merchantable pine timber growing upon all the land, except forty acres occupied by one Foster, for the consideration of $600 paid in cash, the deed conveying same, omitting the description and acknowledgment, being as follows:

"The State of Texas,
  County of Angelina.
"Know all men by these presents: That I, J. T. Maroney, county judge, agent for the land and timber herein described of the county of Angelina and State of Texas, in consideration of the sum of six hundred ($600) dollars to me in hand paid by J. D. Ford have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said J. D. Ford, of the county of Angelina, in the State of Texas, all that certain merchantable pine timber now growing and standing on the hereinafter described 871 acres of land being situated in Angelina County Texas, a part of survey of 5,140,181 sqr. varas of land, and all of said survey except forty acres of same heretofore sold to Ed. Foster, the said forty acres so sold to the said Foster to be surveyed out of said 5,140,181 sqr. varas in a square block and to include the premises and improvements where the said Foster now lives, the timber herein conveyed being on the following described and bounded land and all the merchantable pine timber growing on said land except that growing on the forty acres heretofore sold to the said Ed Foster as above stated." (Then follows description.)

"To have and to hold the above described merchantable pine tim-

ber and right of way together with all and singular the rights and appurtenances thereto in anywise belonging to said premises, the said tramways, wagonways and skidways, exclusively unto the said J. D. Ford, his heirs and assigns, shall have gone over said land once and cut the merchantable pine timber thereon. It is understood and agreed by both parties hereto that when the party of the second part, J. D. Ford, or his assigns, shall have once gone over said land and cut and removed the merchantable timber or such timber as he or they may cut and remove when they first go over said land, then such portion of said land as gone over will no longer be under control of the said J. D. Ford or his assigns. The said J. D. Ford or his assigns has ten years only to remove said timber, when this deed shall become void.

"To have and to hold the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging, unto the said J. D. Ford for a period of ten years, or till he removes said timber if removed before the ten years expires, heirs and assigns forever; and I do hereby bind myself and successors to warrant and forever defend all and singular the said premises unto the said J. D. Ford for a period of ten years only or till removed if removed sooner, his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof by, through or under said Angelina County.

"Witness my hand at Lufkin, Texas, this 3d day of June, 1901.

"J. T. Maroney, County Judge."

At the time of the execution of the deed Ford paid the consideration of $600 to Maroney, who in turn paid it over to the county treasurer of Angelina County and the same was placed in the permanent school fund of the county and afterwards, by order of the Commissioners' Court, invested in interest-bearing bonds; and thereafter, up to the time of the filing of this suit, the court annually collected the interest on said bonds and used the same for the benefit of its public schools. Before depositing the $600 in the treasury, and a few days after the sale and delivery of the deed to Ford, Maroney reported the sale of the timber and the price he had received therefor to the Commissioners' Court of Angelina County, then in session, and the court approved and confirmed the sale, a majority of the members of the court voting in favor of approval, and one member voting against it, but no order of approval or confirmation was entered in the minutes of the court. The appellant claims the timber through mesne conveyances from Ford.

This suit was filed by Angelina County on July 9, 1907, and was in the nature of an action of trespass to try title for the land and timber described in the deed executed by Maroney to Ford, less the forty acres occupied by Foster, which were excepted from the Maroney conveyance, and 226 2-3 acres which were sold by the county to the appellant in 1906.

The defendant answered by general denial, plea of not guilty, disclaimed title or interest in the fee except such interest as authorized and entitled it to enter upon the land and to cut and remove the

timber, and· pleaded the sale by the county to its remote vendor, Ford; the payment of the consideration of $600 by Ford to the county through Maroney; the receipt and appropriation of the same by the county, and ratification and confirmation of the sale by the Commissioners' Court.

The plaintiff by supplemental petition denied Maroney's right to make the sale as agent of the county and alleged that such sale could only be made by the Commissioners' Court directly and not through an agent appointed by it; that if the attempted sale by Maroney was pursuant to the order of the Commissioners' Court the sale was void because of want of power in the Commissioners' Court to pass the order, and that if the plaintiff had received and appropriated the money paid by Ford to Maroney for the timber it tendered the same, with legal interest, to defendant or to such other person as might be shown to be entitled to the same; specially denied the power of the Commissioners' Court to ratify and confirm the sale made by Maroney, and alleged that no verbal confirmation of the sale could be made, and, if the sale could be ratified at all, it could be ratified only in writing. It prayed for the cancellation of the deed to the timber made by Maroney to Ford.

The case was tried before a jury which, under a peremptory instruction from the court, returned a verdict for the plaintiff, upon which verdict a judgment in its favor was accordingly entered, and from this judgment the defendant Carter-Kelly Lumber Company has appealed.

Appellant has presented several assignments of error for a reversal of the judgment of the court below, but we think it would serve no useful purpose to discuss them in detail.

As has been shown, the order of the Commissioners' Court directed Maroney to "sell and to make good and sufficient title to the purchaser or purchasers of all or any portion of said land or timber," and provided that the timber, if it should be sold separately from the land, "should be sold for not less than the regular customary price for same, and the purchase price of said timber only shall be paid in cash." Section 6 of article VII of the Constitution of this State vests in the counties of the State full title to all lands theretofore or thereafter granted to such counties for educational purposes, and by the following language confers upon each county the power to sell those lands: "Each county may sell or dispose of its lands in whole or in part in manner to be provided by Commissioners' Court of the county. . . . Said lands and the proceeds thereof when sold, shall be held by said counties alone as a trust for the benefit of public schools therein; said proceeds to be vested in the bonds of the United States, the State of Texas, or counties in said State, or in such other securities and under such restrictions as may be prescribed by law. . . . The interest thereon and other revenue, except the principal, shall be available fund."

Logan v. Stephens County, 98 Texas, 283, is a case very similar to this. In that case the Supreme Court said:

"The Constitution, as before quoted, gives to the Commissioners' Court of each county ample powers to sell the school lands of the

county; but it in terms declares that the counties hold 'the said land and proceeds thereof when sold, . . . alone as a trust for the benefit of the public schools therein.' The county was in the attitude of trustee for the benefit of the public school fund in the handling and management of the land, and we must construe the power given to the Commissioners' Court in accordance with the rules which govern trustees in the discharge of their duties. . . . With reference to the constitutional provision now under consideration, the act of selling is necessarily the direct act of the county through its Commissioners' Court, which is empowered to transact all its business."

That case is decisive of the point that the sale by Maroney under the power attempted to be conferred upon him by the Commissioners' Court was not a sale by the county; and, had there been no evidence of ratification by the county of the sale made by Maroney, the action of the trial court in instructing a verdict would have been in every way proper. But the undisputed evidence shows that Maroney, after he had made the deed to Ford and accepted the purchase money, reported the sale to the Commissioners' Court, and that the court adopted an order approving the sale as made, and directing Maroney to deposit the money in the treasury, and thereafter the money was, by order of the court, invested in interest-bearing bonds and the interest annually collected and used for the benefit of the public schools of Angelina County. In Gallup v. Liberty County, 57 Texas Civ. App., 175 (writ of error denied by the Supreme Court), it appears that certain lands granted by the State to Liberty County for educational purposes were sold by W. W. Perryman as agent of the county, acting under appointment of the Commissioners' Court of said county, which is similar in all material respects to the appointment of Maroney in this case, and of Walker in the Stephens County case. The consideration paid to Perryman was paid over by him to the county, except certain commissions which he was permitted to retain, and the Commissioners' Court, with knowledge of all the facts, directed that the proceeds of the sale be invested in State bonds, which was done; and thereafter the interest was collected and paid to the county treasurer, and by the treasurer placed to the credit of the available school fund of Liberty County. Several years afterward the bonds were sold by direction of the Commissioners' Court and the proceeds invested in other securities. There was not in that case, as in this, any express approval of the sale by the Commissioners' Court. Associate Justice Neill, in rendering the opinion of the court, says:

"The principle is axiomatic that where one person executes a deed purporting to be the act of another, without authority to do so, and the person for whom such act purports to have been done is fully apprised of all the facts connected therewith, and knowingly receives and uses the benefits derived from such sale, he thereby ratifies it and is estopped from asserting that the person purporting to act as his agent was without authority to make it. As is said: 'Ratification is the election by a person and the expression of such election by words or conduct, to accept an act or contract previously done

or entered into in his behalf by another who had at the time no authority to do the act or make the contract on his behalf. If certain acts have been performed or contracts made on behalf of another without his authority, he has, when he obtains knowledge thereof, an election either to accept or repudiate such acts or contracts. If he accepts them, his acceptance is a ratification of the previously unauthorized acts or contracts, and makes them as binding upon him from the time they were performed as if they had been authorized in the first place.' ·Clarke & Skyles on Agency, sec. 98. This principle applies to a municipal corporation the same as to an individual as to contracts which have been unauthorizedly entered into ·on its behalf, if it could have originally authorized such acts or contracts. If there is legal authority for the contract, though it be illegal because of some ·irregularity or informality in the manner or time of its execution and therefore incapable of enforcement, it may be ratified by an acceptance of the benefits of the contract by the corporation; but if there be no legal authority for the contract that authority can not be created through the application of any doctrine or principle of estoppel, acquiescence or ratification. Clark & Skyles on Agency, sec. 121; Abbott on Municipal Corporations, 279, 280; Smith's Modern Law of Municipal Corporations, 258, 259.

"The case before us does not disclose a sale beyond the scope and powers of Liberty County or of its Commissioners' Court, intrusted by the Constitution and laws of the State with its business, but one that the county is expressly authorized to make 'in the manner ˙to be provided by the Commissioners' Court of the county.' The manner provided by the court was simply illegal. That is all. If the manner it· provided had been legal, the sale would have been. Therefore we think the sale, though illegal, under which appellants claim the land in controversy, was such as could be ratified by the county, and that the facts found by the trial court show a full and complete ratification of it."

We think that the two decisions referred to settle the material points raised on this appeal, and the very full and satisfactory reasons given in each obviates the necessity of an extended discussion by us of the principles involved.

Appellee contends, however, that the Commissioners' Court was without authority to ratify the sale made by Maroney except in writing, and that as the act of the court in approving the sale was not entered in the minutes and not otherwise reduced to writing the approval did not amount to ratification or confirmation. This seems to have been settled adversely to appellee's contention by the following cases: Ewing v. Duncan, 81 Texas, 230; Waggoner v. Wise County, 17 Texas Civ. App., 220 (43 S. W., 836).

We think that under the undisputed facts of this case no judgment other than one in favor of the appellant should have been rendered. The judgment of the court below is, therefore, reversed and judgment here rendered for appellant.

*Reversed and rendered.*

Writ of error refused.