**MECOM et al. v. FORD et al.　(No. 743.)***

(Court of Civil Appeals of Texas. Beaumont.
Nov. 21, 1923.　Rehearing Denied
Dec. 5, 1923.)

**1. Schools and school districts ⬚82(2)—District ratifying irregular sale of school lands cannot recover them.**

Where school district had power to sell lands, but a sale was invalid because of irregularity, it, with permission of the commissioners' court, having received purchase money and used it for school purposes, thereby ratified the sale and cannot recover the land.

**2. Estoppel ⬚62(3)—When school district estopped from claiming illegality of sale of land stated.**

Although sale of school lands was illegal, the district will be estopped thereafter so to claim if it authorized the sale, received the proceeds, turned it into the school treasury, and used it for school purposes, all of which was done by permission of the commissioners' court, and especially is this true where 10 or 12 years have passed during which all parties recognized validity of the sale.

**3. Schools and school districts ⬚82(2)—Acts held a ratification of irregular sale of land.**

When school land ceased to be used for school purposes and the commissioners' court authorized its sale and fixed the terms, although the order was not entered in the minutes of the court, and in obedience to the order trustees of the district made sale, and the county judge delivered deed to purchaser for price fixed which was adequate and the money paid therefor used for school purposes, and all parties for many years recognized validity of the sale, such acts were a ratification of the sale, although irregular, and passed equitable title.

Appeal from District Court, Liberty County; J. L. Manry, Judge.

Trespass to try title by Josephine Ford and others against H. Mecom and others. Judgment for plaintiffs was appealed to the Court of Civil Appeals, which certified certain questions to the Supreme Court, which questions were answered in 252 S. W. 491. Reversed and remanded.

J. Llwellyn, of Liberty, and Orgain & Carroll, of Beaumont, for appellants.

E. B. Pickett, Jr., and C. R. Wilson, both of Liberty, for appellees.

WALKER, J. On original submission of this case, we certified to the Supreme Court, without a written opinion, the principal contentions of the parties, which questions were fully answered by the Commission of Appeals in Mecom v. Ford, 252 S. W. 491. We refer to that opinion for a full statement of the nature of this suit and of the questions certified.

[1-3] Appellants advance the following propositions, which were not certified by us to the Supreme Court:

"Where a school district has power to sell lands, but the sale was invalid because of some irregularity, the school district, with the knowledge and permission of the commissioners' court, having received the purchase money and used it for school purposes, thereby ratified the sale, and it will not be entitled to recover the land.

"Although a sale of land belonging to a school district is illegally made, the school district will be estopped to thereafter claim the same if it appear that the school district authorized the sale, received the proceeds of the sale, turned it into the school treasury, and used it for school purposes, all of which is done with the knowledge and permission of the county judge and commissioners' court of the county where said school district is located, and especially is this true where 10 or 12 years have passed during which time all parties to the transaction recognized the validity of said sale.

"When it appears that land held for the benefit of a school district ceased to be used for school purposes, and the commissioners' court of the county in which the school district was situated authorized the sale of same, fixing the terms of said sale, although said order so doing was not entered into the minutes of the commissioners' court, and in obedience to said order the trustees of said school district made a sale in accordance with the terms fixed by the commissioners' court, and the county judge of said county executed and delivered a deed to the purchaser, the purchaser paying the price fixed by the commissioners' court and agreed upon with the school trustees, which price was an adequate consideration for the land at said time, and said money so paid was turned into the school treasury and used for school purposes, and all parties to the transaction for many years recognized the validity of said sale, said acts will constitute a ratification of said sale, although irregularly made, and will pass the equitable title to the purchaser under said sale."

The facts involved in these propositions were duly pleaded by appellants. The trial court erred in sustaining appellees' exceptions thereto. Gallup v. Liberty County, 57 Tex. Civ. App. 175, 122 S. W. 291; Carter-Kelly Lbr. Co. v. Angelina County, 59 Tex. Civ. App. 310, 126 S. W. 295; Galveston County v. Gresham (Tex. Civ. App.) 220 S. W. 561; Stephenson v. Marsalis, 11 Tex. Civ. App. 162, 33 S. W. 387.

As we understand appellants' assignments of error, the opinion of the Supreme Court answering our questions and the disposition made by us of the above propositions dispose of all errors assigned which will probably arise on another trial. It is our order that the judgment of the trial court be reversed and this cause remanded for a new trial.

---

⬚For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused January 30, 1924.