**MADISON COUNTY, TEX., v. WILSON et al.**

(Circuit Court of Appeals, Fifth Circuit. December 8, 1925.)

No. 4513.

Public lands ☞173(14)—County held not entitled to question validity of sale of school lands.

Under Const. Tex. art. 7, § 6, authorizing each county to sell its lands, in manner to be provided by commissioners' court, county which, by its commissioners' court, made sale of school lands, though not in strict conformity to terms specified in advertisement for bids, *held* not in position, over 40 years later, to question validity of sale.

In Error to the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

Suits by L. F. Wilson and by E. J. Netherton and another against Madison County, Tex., consolidated and tried together. Judgment for plaintiffs, and defendant brings error. Affirmed.

Charles L. Black, of Austin, Tex. (R. J. Randolph, of Madisonville, Tex., on the brief), for plaintiff in error.

J. T. Montgomery and A. H. Carrigan, both of Wichita Falls, Tex. (Carrigan, Britain, Morgan & King, of Wichita Falls, Tex., on the brief) for defendants in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. In this matter L. F. Wilson in one case, and E. J. Netherton and C. O. Netherton in another case, brought suit in the District Court against Madison county, Tex., to recover the title and possession of two leagues of land in Archer county, Tex., that had been donated to Madison county for school purposes under the laws of Texas. The suits were consolidated without objection and tried together. The facts were stipulated, the jury was waived, and in due course judgment was entered in favor of the plaintiffs, defendants in error herein. There are no errors assigned, except as to the entering of the judgment.

The material facts are these: In February, 1882, the commissioners' court of Madison county, the proper authority for that purpose, advertised the two leagues for sale pursuant to an order regularly entered on February 13, 1882. The advertisement was to run for five weeks, and contemplated the filing of sealed bids on terms of not less than $1,500 cash, the remainder to be paid at the option of the purchaser in any time

not to exceed 20 years, to be secured by vendor's lien notes, bearing 8 per cent. interest per annum. Some time during the term of the advertisement John H. Stone filed a bid, in which he proposed to buy the land at $1.20 per acre net, the principal to be due in 20 years, to be secured by vendor's lien bearing interest at 9½ per cent. per annum. Apparently there were no other bidders, and on March 27, 1882, presumably after the term of the advertisement had run, the commissioners' court entered an order canceling the order of February 13th and accepted the bid of Stone. Thereafter, on May 8, 1882, this action was confirmed and the sale of the land in Archer county to Stone was ratified and approved. Subsequently a deed issued to him. In due course the entire purchase price was paid, either by Stone or his assigns, and Madison county still retains the money. Stone and those holding under him remained in peaceful possession of the land until June 11, 1923, at which time the commissioners' court of Madison county entered an order repudiating the deed theretofore made to Stone in 1882, and suit was directed to be brought for the recovery of the land. A notice to this effect was entered on the records of Archer county, and shortly thereafter the two suits herein involved were entered.

The Constitution of Texas (article 7, § 6) provides: "Each county may sell or dispose of its lands, in whole or in part, in manner to be provided by the commissioners' court of the county." It is not contended that the commissioners' court making the sale was not properly organized, and under the law of Texas it was vested with authority to sell the land in any way or on any terms that it saw fit. There was no unlawful delegation of authority in the transaction.

Considering the increased interest paid, Stone's bid was probably as favorable as the original terms advertised. It was well within the authority of the commissioners' court to make the change. There is no doubt that the proceedings looking to the sale of the land were regular in every way, but in any event Madison county cannot now question the sale. Gallup v. Liberty County, 57 Tex. Civ. App. 175, 122 S. W. 291; Carter-Kelly Lumber Co. v. Angelina County, 59 Tex. Civ. App. 310, 126 S. W. 293; Brazoria County v. Padgitt (Tex. Civ. App.) 160 S. W. 1170.

It would serve no good purpose to enter into a discussion of the morals or ethics of

Madison county in seeking to set aside the sale made in good faith in 1882. Of course, the land had greatly appreciated in value, due to the discovery of oil and gas, which condition is nearly always found in cases of this kind. We content ourselves with saying we find no error in the record.

Affirmed.